FILED

NOT FOR PUBLICATION

JUL 26 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 09-50513 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:08-cr-01460-GHK-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| DERRICK TYRONE NORWOOD, | ) | |
| AKA Ty-Bud, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted July 12, 2011[**]
Pasadena, California

Before:    FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

Derrick Tyrone Norwood appeals his sentence for sale of crack cocaine

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

(Count 1 of the indictment)[1] and for maintaining a residence for the wrongful manufacture, distribution or use of a controlled substance (Count 5 of the indictment).[2] We affirm in part and remand.

(1)     Norwood first asserts that the district court erred when it denied him safety valve relief[3] on the basis that he possessed a firearm in connection with his sale of crack cocaine offense,[4] without making the necessary findings. We agree. For safety valve purposes, the offense includes both "'the offense of conviction and all relevant conduct.'" United States v. Fernandez, 526 F.3d 1247, 1252 (9th Cir. 2008); (quoting United States v. Miller, 151 F.3d 957, 960 (9th Cir. 1998)). Here the district court expressly found that Norwood possessed a firearm in connection with Count 5, the drug residence offense, but that offense is not one that carries a mandatory minimum sentence, so safety valve analysis does not apply to it. See United States v. Gamboa-Cardenas, 508 F.3d 491, 496, 498 (9th Cir. 2007). The district court did not expressly hold that the firearm was possessed in connection with Count 1, the sale offense, which does carry a mandatory

_____

[1] 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii).

[2] 21 U.S.C. § 856(a)(1).

[3] 18 U.S.C. § 3553(f); see also USSG §5C1.2. All references to the Guidelines are to the November 1, 2008, version thereof.

[4] 18 U.S.C. § 3553(f)(2).

2

minimum sentence and to which safety valve analysis does apply. Although the district court did properly group[5] the two offenses, it made no express finding that possession of the firearm constituted relevant conduct as to Count 1. On this record, firearm possession may or may not have been relevant conduct as to Count 1,[6] but that is a determination that should be made by the district court in the first instance. Thus, we will remand so that the district court can further explore the safety valve issues[7] and make the appropriate findings. It shall not revisit its decision that relevant conduct can be considered, or its decision to group the offenses. We affirm both of those decisions. If the district court determines that Norwood is entitled to safety valve relief, it shall vacate its sentence and resentence him on that basis.

(2)    Norwood next asserts error because the government did not argue that he should be sentenced at the "low end of the applicable Sentencing Guidelines

---

[5]See USSG §3D1.2(b).

[6]We note that the mere fact that the drug residence offense occurred some months after the sale offense does not demonstrate that firearm possession was not relevant conduct as a matter of law. See United States v. Pitts, 6 F.3d 1366, 1373 (9th Cir. 1993).

[7]The government asserts that Norwood did not comply with the proffer requirement. 18 U.S.C. § 3553(f)(5). The district court did not make a finding on that issue.

3

imprisonment range," that is at forty-six months.[8] It is true that the government and Norwood agreed that the government would make that recommendation, but they also agreed that the government could argue against safety valve relief. We must construe those agreements using normal contract law standards,[9] and when we do so, it is apparent that the agreement was not that the government must make the absurd argument that even if the mandatory minimum was sixty months, the district court should sentence Norwood to forty-six months. If the district court should decide that the sixty-month minimum does not apply, that will be another matter entirely. The district court did not err, much less plainly err.

(3)     Finally, Norwood argues that the applicable Fair Sentencing Act provision[10] applies retroactively to preclude the sixty-month mandatory minimum sentence for the sale of crack cocaine, which was imposed by the district court. On this appeal, that argument is precluded by United States v. Baptist, No. 09-50315, slip. op. 7299, 7307 (9th Cir. June 2, 2011) (per curiam).

AFFIRMED in part, and REMANDED for further proceedings.

---

[8]He did not make this argument at the district court. We review for plain error. See United States v. Lindsey, 634 F.3d 541, 550 (9th Cir. 2011).

[9]See United States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001).

[10]Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372 (2010).